1

2

3

4

5

6

7    UNITED STATES DISTRICT COURT

8    CENTRAL DISTRICT OF CALIFORNIA

9

10   ANGELA MARIE JOHNSON,                )   Case No. CV 13-5748-JEM
                                          )
11                    Petitioner,         )
                                          )
12         v.                             )   MEMORANDUM OPINION AND ORDER
                                          )   GRANTING MOTION TO DISMISS AND
13   TAMARA KABAN-MILLER, Warden,         )   DENYING CERTIFICATE OF
                                          )   APPEALABILITY
14                    Respondent.         )
                                          )
15   ─────────────────────────────────── )

16                              **INTRODUCTION**

17         On August 2, 2013,[1] Angela Marie Johnson ("Petitioner"), a California state prisoner, filed

18   a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §

19   ──────────────────

20         [1]  Under the prison "mailbox rule," "a legal document is deemed filed on the date a
     petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918,
21   921 (9th Cir. 2002); accord Houston v. Lack, 487 U.S. 266, 276 (1988). The "[mailbox] rule
     applies to prisoners filing habeas petitions in both federal and state courts." Huizar v.
22   Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (citation omitted); accord Anthony v. Cambra,
     236 F.3d 568, 574-75 (9th Cir. 2000), cert. denied, 533 U.S. 941 (2001). In the absence of
23   evidence to the contrary, courts have treated a petition as delivered to prison authorities on
     the day the petition was signed. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir.
24   2010), cert. denied, 132 S.Ct. 286 (2011) ("When a prisoner gives prison authorities a
     habeas petition or other pleading to mail to court, the court deems the petition constructively
25   'filed' on the date it is signed."). Here, although the instant Petition was not filed within the
     limitations period, see Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (to benefit
26   from the "mailbox rule" a petitioner must deliver the petition to prison officials within the
     limitations period), the Court will, nonetheless, afford Petitioner the benefit of the mailbox
27   rule.

28

2254 ("Petition").  Respondent filed a Motion to Dismiss the Petition on September 11, 2013, on the ground that Ground Two in the Petition is unexhausted, and that the Petition is time-barred by the one-year statute of limitation set forth in 28 U.S.C. § 2244(d).  On October 17, 2013, Petitioner filed an Opposition.  Respondent filed a Reply on October 30, 2013.  The Motion to Dismiss is now ready for decision.

For the reasons set forth below, the Petition is dismissed with prejudice as untimely.

**STATE COURT PROCEEDINGS**

Following a jury trial in Los Angeles County Superior Court case number KA088534, Petitioner was convicted of two counts of second degree robbery (Cal. Penal Code § 211) and one count of petty theft with a prior (Cal. Penal Code § 666).  It was also found true that, as to one count of robbery, Petitioner personally used a firearm (Cal. Penal Code § 12022.53(b)), and that Petitioner served three prior prison terms (Cal. Penal Code § 667.5(b)).  Petitioner was sentenced to a total of 17 years and eight months in state prison. (Respondent's Lodged Document ("LD") 8.)

On August 25, 2011, the California Court of Appeal issued a reasoned opinion rejecting Petitioner's claims of error on direct review in case number B226242.  (LD 7.)  Petitioner filed a petition for review in the California Supreme Court ("CSC") in case number S196617. (LD 5-6.)  That petition was denied on November 30, 2011.  (LD 5.)

On December 27, 2011, the Los Angeles County Superior Court received a habeas corpus petition from Petitioner.[2]  The petition was denied on January 5, 2012. (LD 4 at Attach.)

_____

[2]  The Court uses the date the habeas corpus petition was received in the superior court, as reflected in the superior court's minute order, as the filing date.  (See Motion to Dismiss, at 1 n. 2 (explaining that counsel for Respondent was unable to obtain a copy of the habeas corpus petition filed in the Los Angeles County Superior Court.))  However, as discussed below, Petitioner's state habeas petition in the California Superior Court was filed and determined prior to the date Petitioner's conviction became final and cannot contribute to statutory tolling.  See Boyd v. Knipp, 2013 WL 2151581, at *3 (E.D. Cal. 2013); Spencer v. Tremble, 2012 WL 1932646, at *2 (C.D. Cal. 2012).

On February 7, 2012, Petitioner constructively filed a habeas corpus petition in the California Court of Appeal in case number B239076. (LD 3-4.) The petition was denied on February 24, 2012. (LD 3.)

On May 13, 2012, Petitioner constructively filed a habeas corpus petition in the CSC in case number S202545. (LD 1-2.) The petition was denied on August 8, 2012. (LD 1.)

The instant Petition was filed on August 2, 2013. (Petition at 8.)

## DISCUSSION

### I.      The Applicable Statute of Limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." Wall v. Kholi, 131 S.Ct. 1278, 1283 (2011); Lawrence v. Florida, 549 U.S. 327, 329 (2007); 28 U.S.C. § 2244(d)(1). After the one-year limitations period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002).

To determine whether the pending action is timely, it is necessary to determine when AEDPA's limitations period began and ended. Pursuant to 28 U.S.C. § 2244(d)(1)(A)-(D), AEDPA's limitations period begins to run from the latest of: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;" (2) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;" (3) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

A habeas corpus claim can "be timely, even if filed after the one-year time period has expired, when statutory or equitable tolling applies." Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002). However, "a court must first determine whether a [claim] was untimely under the

statute itself before it considers whether equitable [or statutory] tolling should be applied.  As a matter of logic, where a [claim] is timely filed within the one-year statute of limitation imposed by AEDPA, 28 U.S.C. § 2244(d)(1), then equitable [or statutory] tolling need not be applied. Similarly, equitable tolling need not be applied where a [claim] is timely due to statutory tolling under § 2244(d)(2)."  Id.  Following this framework, the court begins its analysis with the relevant timeliness inquiry.

**II.     The Petition Is Facially Untimely.**

Under § 2244(d)(1)(A) of the AEDPA, "a federal petition for writ of habeas corpus . . . must be filed within one year after the state court judgment becomes final by the conclusion of direct review or the expiration of the time to seek direct review."[3]  Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010); 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner filed a petition for review with the CSC (LD 6), which was denied on November 30, 2011.  (LD 5.)  Because direct review includes the 90 days during which Petitioner could have filed a petition for writ of certiorari from the United States Supreme Court, Petitioner's judgment became final on February 28, 2012.  See 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final either "by the conclusion of direct review or the expiration of the time for seeking such review"); Spitsyn v. Moore, 345 F.3d 796, 798 (9th Cir. 2003, as amended Nov. 3, 2003) ("The period of 'direct review' after which [a] state conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) includes the 90-day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, even if the petitioner does not actually file such a petition."); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) ("the process of direct review includes the right to petition [the United States Supreme] Court for a writ of certiorari[;]" therefore, AEDPA's statute of limitations begins to run after the 90-day period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court

---

[3] Although § 2244(d)(1) sets forth three alternate possible starting dates other than § 2244(d)(1)(A) for the commencement of the running of the statute of limitations," Miranda v. Castro, 292 F.3d 1063, 1065 n. 1 (9th Cir.), cert. denied, 537 U.S. 1003 (2002), Petitioner's allegations and the record do not show that any of these apply in this case.

expires) (internal quotation marks, ellipses and citation omitted).  The statute of limitations began to run the next day, on February 29, 2012.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).  Thus, Petitioner had until **February 28, 2013**, to file her federal habeas petition.  See Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002), abrogation on other grounds recognized by Moreno v. Harrison, 245 Fed. Appx. 606 (9th Cir. 2007).

The Petition was not filed until August 2, 2013, approximately five months after the statute of limitations had run; therefore, the Petition is facially untimely.

**III.    Petitioner is Not Entitled To Statutory Tolling.**

Under 28 U.S.C. § 2244(d)(2), AEDPA's limitations period is tolled for the time during which a "properly filed" state post conviction application is "pending," which in California can include the intervals between the denial of relief in one court and the filing of a new petition in a higher court.  See Carey v. Saffold (Saffold), 536 U.S. 214, 223 (2002).  However, the statute of limitations is not tolled between the conviction's finality and the filing of Petitioner's first state habeas petition. See Porter, 620 F.3d at 958 (AEDPA statute of limitations is not tolled between the conviction's finality and the filing of the first state collateral challenge); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000) (same).

As an initial matter, Petitioner's state habeas petitions in the California Superior Court and in the California Court of Appeal were filed and determined prior to the date Petitioner's conviction became final.  (LD 3-4.)  Absent gap tolling, therefore, these petitions cannot contribute to statutory tolling.  See Boyd v. Knipp, 2013 WL 2151581, at *3 (E.D. Cal. 2013); Spencer v. Tremble, 2012 WL 1932646, at *2 (C.D. Cal. 2012).

Moreover, for the following reasons, Petitioner's CSC petition was not "properly filed" under state law, and Petitioner is not entitled to tolling during its pendency, including during the gap between the California Court of Appeal's denial of Petitioner's habeas petition on February 24, 2012, and the constructive filing of Petitioner's habeas petition in the CSC on May 13, 2012. Saffold, 536 U.S. at 223.  An untimely state habeas petition is not a "properly filed" petition for purposes of statutory tolling under section 2244(d)(2).  Pace v. DiGuglielmo, 544 U.S. 408, 412-

14 (2005); Saffold, 536 U.S. at 225 (California state habeas petition filed after unreasonable delay not "pending" for purposes of section 2244(d)(2)); see also Evans v. Chavis, 546 U.S. 189, 191 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law") (italics in original).  Where, as here, a state court denies a collateral application without a "clear indication" that the application was timely or untimely, a federal habeas court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." Evans, 546 U.S. at 198; see also Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010), cert. denied, —— U.S. ——, 131 S.Ct. 3023 (2011) ("We cannot infer from a decision on the merits, or a decision without explanation, that the California court concluded that the petition was timely.")  In California, a collateral application is timely if filed within a "reasonable time" after the petitioner learns of the grounds for relief.  Saffold, 536 U.S. at 235.

Here, Petitioner constructively filed her CSC petition on May 13, 2012, 79 days after the California Court of Appeal denied her habeas corpus petition on February 24, 2012.  This delay is "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement" for filing a petition in a higher court.  Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (finding 81-day delay in filing petition in a higher court "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement"); see, e.g., Livermore v. Watson, 556 F.Supp.2d 1112, 1118-20 (E.D. Cal. 2008) (petitioner not entitled to statutory tolling for unjustified 78-day delay between Superior Court's denial of habeas petition and subsequent filing of habeas petition in California Court of Appeal); Culver v. Dir. of Corrs., 450 F.Supp.2d 1135, 1140-41 (C.D. Cal. 2006) (unexplained, unjustified delay of 71 days was unreasonable); Bayaird v. Cate, 2010 WL 1339617, at *3-*4 (E.D. Cal. 2010) (petitioner not entitled to tolling for unjustified 67-day delay between filings).   Thus, without an adequate explanation for the lengthy delay in filing her CSC petition, Petitioner's CSC petition was untimely under California law.  Velasquez, 639 F.3d at 968.

In her Opposition, Petitioner argues that she has "justifiable reasons" for the 79-day delay in filing her CSC petition. (Opposition at 4.)  Specifically, Petitioner claims that this delay was due to the following:  (1) the March 2012 transfer of an inmate who had aided Petitioner in filing her two previous habeas corpus petitions; (2) lack of legal knowledge; (3) difficulty in accessing and keeping her property in order while being moved "from yard to yard and room to room" within the prison facility; and (4) difficulty in accessing the library.  (Opposition at 4-5; see id. at 6 (explaining that the prison facility where Petitioner was housed during the relevant period became a men's facility while women were still housed there, and that women were kept on "constant lockdown", library access was "minimal", and prisoners were transferred multiple times throughout the institution).)  Notably, Petitioner's CSC petition did not assert any of the aforementioned reasons to explain her filing delay.  (See LD 2 at 6 (when answering a standard question in the CSC petition form requesting an explanation for "any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition", Petitioner stated only that her "[a]ppellate attorney failed to raise [the] grounds claim[ed] [i]n [the] habeas corpus petition").)

Regardless, even considering Petitioner's proffered explanations for the delay in filing her CSC petition, Petitioner's 79-day delay was not reasonable.  Indeed, Petitioner's CSC petition is a nearly verbatim copy of the habeas corpus petition she filed in the California Court of Appeal.  (Compare LD 2 with LD 4.)  Thus, there is no reason that completing the petition required the assistance of another inmate, any specific legal knowledge, extensive use of her legal property, or access to the law library.  It was unreasonable for Petitioner to delay 79 days in filing a nearly exact copy of her previous petition in the CSC.  See Velasquez, 639 F.3d at 968 (gaps of 91 days between a superior court denial and a court of appeal filing and 81 days between the court of appeal denial and a supreme court filing were unreasonable because each habeas petition was nearly identical to the petition that came before it and thus is was "not reasonable that [petitioner's] counsel would need excess time essentially to re-file an already-written brief."), Bennett v. Felker, 635 F. Supp. 2d 1122, 1126-27 (C.D. Cal. 2009) (denying gap

1    tolling for unexplained delay of ninety-three days because the two state court petitions at issue

2    were nearly identical to each other).

3        Therefore, Petitioner is not entitled to statutory tolling and, absent equitable tolling, the

4    Petition is untimely.

5    **IV.    <u>Petitioner Is Not Entitled To Equitable Tolling.</u>**

6        AEDPA's statute of limitations is subject to equitable tolling "in appropriate cases."

7    <u>Holland v. Florida</u>, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010).  "[A] petitioner is entitled to

8    equitable tolling only if he shows (1) that he has been pursuing his claims diligently, and (2) that

9    some extraordinary circumstance stood in his way and prevented timely filing."  <u>Id.</u> at 2562

10   (internal quotation marks and citation omitted); <u>see also</u> <u>Lawrence</u>, 549 U.S. at 336.  "The

11   petitioner must show that the extraordinary circumstances were the cause of his untimeliness,

12   and that the extraordinary circumstances made it impossible to file a petition on time."  <u>Porter</u>,

13   620 F.3d at 959 (internal quotation marks and citations omitted).

14       "To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's

15   rarity, and the requirement that extraordinary circumstances stood in [petitioner's] way suggests

16   that an external force must cause the untimeliness, rather than . . . merely oversight,

17   miscalculation or negligence on the petitioner's part, all of which would preclude the application

18   of equitable tolling."  <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011 (9th Cir.), <u>cert.</u>

19   <u>denied</u>, 558 U.S. 897 (2009) (internal quotation marks, brackets and citation omitted); <u>accord</u>

20   <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most

21   cases").  "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

22   the exceptions swallow the rule."  <u>Mendoza v. Carey</u>, 449 F.3d 1065, 1068 (9th Cir. 2006)

23   (internal quotation marks and citation omitted); <u>accord</u> <u>Bills v. Clark</u>, 628 F.3d 1092, 1097 (9th

24   Cir. 2010).

25       Here, petitioner has not provided any rationale under which this Court might equitably

26   toll the limitations period.  As an initial matter, Petitioner is not entitled to equitable tolling

27   because of her limited knowledge of the law.  (<u>See</u> Opposition at 4-5); <u>Waldron–Ramsey</u>, 556

28   F.3d at 1013 n. 4 ("we have held that a pro se petitioner's confusion or ignorance of the law is

not, itself, a circumstance warranting equitable tolling") (citation omitted); <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) ("We now join our sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); <u>Jimenez v. Hartley</u>, 2010 WL 5598521, at *5 (C.D. Cal. 2010) (allegations that petitioner was uneducated, illiterate and indigent insufficient); <u>Oetting v. Henry</u>, 2005 WL 1555941, at *3 (E.D. Cal. 2005) ("Neither an inmate's ignorance of the law nor pro se status are the sort of extraordinary events upon which a finding of equitable tolling may be based"). Nor is Petitioner entitled to equitable tolling because an inmate who was helping her draft her habeas corpus petitions was transferred. (<u>See</u> Opposition at 4); <u>Chaffer v. Prosper</u>, 592 F.3d 1046, 1049 (9th Cir. 2010).

Finally, Petitioner conclusorily claims she is entitled to equitable tolling because she experienced frequent moves throughout the prison facility, "constant lock down[s]", a period of confinement in administrative segregation, and restricted access to her legal materials and the law library. (Opposition at 5-6.) However, these conclusory statements have no evidentiary support and are manifestly insufficient to warrant equitable tolling. <u>See</u>, <u>e.g.</u>, <u>Trenkler v. United States</u>, 268 F.3d 16, 25 (1st Cir. 2001) (conclusory assertions rarely suffice to meet the burden of demonstrating entitlement to equitable tolling); <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir.), <u>cert. denied</u>, 525 U.S. 891 (1998) (denying equitable tolling when petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"); <u>Williams v. Dexter</u>, 649 F.Supp.2d 1055, 1061-62 (C.D. Cal. 2009) (inmate not entitled to equitable tolling when such "claim is . . . unsupported by competent evidence and is grossly conclusory"); <u>Evans v. Adams</u>, 423 F.Supp.2d 1087, 1091 (C.D. Cal. 2006) (inmate not entitled to equitable tolling when he "provided absolutely no evidentiary support for his equitable tolling claim, and [did] not even bother[] to assert sufficient facts to suggest equitable tolling might be warranted"); <u>Ruiz v. Poole</u>, 566 F.Supp.2d 336, 341 (S.D.N.Y. 2008) (petitioner not entitled to equitable tolling for alleged lack of access to law library when he proffered no evidence supporting claim and failed to indicate what steps he took to address his lack of access to the law library). Significantly, Petitioner has not shown any connection between

these events and her failure to timely file her habeas corpus petition. <u>Spitsyn</u>, 345 F.3d at 799; <u>see</u> <u>also</u> <u>Baker v. Norris</u>, 321 F.3d 769, 771 (8th Cir.), <u>cert. denied</u>, 539 U.S. 918 (2003) (prison policy limiting inmates to two hours at a time in prison library and requiring them to sign up in advance did not warrant equitable tolling); <u>Corrigan v. Barbery</u>, 371 F.Supp.2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."); <u>United States ex rel. Ford v. Page</u>, 132 F.Supp.2d 1112, 1116 (N.D. Ill. 2001) ("[T]hat a prison was sometimes on lock-down, preventing access to the prison law library, does not establish 'extraordinary circumstances' justifying equitable tolling.").

In short, the pending Petition must be dismissed as untimely.[4]

## <u>CERTIFICATE OF APPEALABILITY</u>

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> at § 2253(c)(2); <u>accord</u> <u>Williams v. Calderon</u>, 83 F.3d 281, 286 (9th Cir.), <u>cert. denied</u>, 517 U.S. 1183 (1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003); <u>see</u> <u>also</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its

---

[4] Having reached this conclusion, the Court need not address Respondent's contention that Ground Two in the Petition is unexhausted.

1    procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition

2    states a valid claim of the denial of a constitutional right[.]" <u>Slack</u>, 529 U.S. at 478.

3    　　　The court has determined that the Petition should be dismissed with prejudice because

4    it is time-barred under 28 U.S.C. § 2244(d).  Given the fact that the Petition is clearly untimely,

5    and even considering Petitioner's allegations regarding statutory and equitable tolling, Petitioner

6    cannot make the requisite showing "that jurists of reason would find it debatable whether the

7    district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 478.  Accordingly, the

8    Court finds that a COA must be denied with respect to the instant Petition.

9    **<u>CONCLUSION</u>**

10   　　　Based on the foregoing, IT IS ORDERED THAT:

12   　　　1.　　　Respondent's Motion to Dismiss Petition  **(Document No. 7)** is hereby **granted**

13   **in part**.

14   　　　2.　　　Judgment shall be entered dismissing the action with prejudice.

15   　　　3.　　　A Certificate of Appealability is **denied**.

18   DATED: <u>December 3, 2013 </u>　　　　　　　　<u>　　　/s/ John E. McDermott　　　</u>
                                                          JOHN E. MCDERMOTT
19                                                        UNITED STATES MAGISTRATE JUDGE

11